**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **FRANCISCO AKINS, #M-24801** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-00525-JPG** |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **DR. SHEARING, DR. FUENTES,** | ) | |
| **DR. SHEPHERD, OFFICER WILLS, and** | ) | |
| **C/O JOHN DOE** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Francisco Akins, an inmate currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On August 23, 2012, Plaintiff fell as he was attempting to climb down from the top bunk in his cell. (Doc. 1, p. 2). Plaintiff's claims against each Defendant are related to this incident and his injuries, as well as the subsequent injuries he suffered as a result of this fall. Specifically, Plaintiff alleges that Defendant C/O John Doe failed to respond in a timely manner to Plaintiff's need for medical attention immediately following the fall. Plaintiff further asserts that Defendant C/O Wills retaliated against Plaintiff for filing grievances by interfering with Plaintiff's ability to access medical care and writing up a false disciplinary report on Plaintiff. Lastly, Plaintiff claims that Defendants Shearing, Fuentes, and Shepherd (medical personnel) failed to adequately treat Plaintiff's foot injury. Defendant Wexford, Plaintiff maintains, should also be held liable, since it is responsible for setting the policies that resulted in Plaintiff receiving less-than-adequate medical care. Plaintiff prays for monetary damages and

injunctive relief.

This case is now before the Court for a preliminary review of the complaint pursuant to

28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true,

*see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so

sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v.

Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate

abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At

the same time, however, the factual allegations of a pro se complaint are to be liberally

construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

On August 23, 2012, as Plaintiff was attempting to climb down from the top bunk in his cell, he slipped and hit his head, the back of his neck and shoulder, and injured his right foot and ankle.  (Doc. 1, p. 3).  The complaint notes "that there are no handles, ladders or preventative measures in place" to ensure the safety of inmates who are climbing up and down from the top bunk. *Id*. at 3.

Plaintiff asserts that he was in severe pain and had trouble communicating.  The assigned gallery officer was on break, but Plaintiff's cellmate asked the temporary relief officer, "John Doe,"[1] to call for help.  *Id*.  Although John Doe said he would request medical assistance, he never did.  Plaintiff lay on the floor of his cell for over an hour, "experiencing intense pain," before the assigned officer returned from break and called for help.  *Id*. at 4.

When Plaintiff was finally taken into the health care unit, a doctor x-rayed his foot. Initially, Plaintiff was told that he had sprained his ankle. Only later, in October or November, did any medical staff acknowledge that the x-rays had identified a fracture with possible bone fragments. *Id*.  Plaintiff repeatedly requested additional medical assistance, but according to the complaint, Defendants Shearing, Fuentes, and Shepherd failed to correctly diagnose and treat his foot and ankle injury. *Id*. at 9-11.

On December 7, 2012, Plaintiff was taken to the health care unit for a scheduled visit with the doctor.  After waiting for over an hour, Plaintiff contends that Defendant Wills began to harass Plaintiff regarding his request to see a doctor. *Id*. at 5.  Defendant Wills told Plaintiff that there were no doctors in the building and that Plaintiff would have to reschedule his

---

[1] While Plaintiff has not provided the name of this defendant, the Seventh Circuit has held that where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

appointment.  *Id*.  However, medical records reveal that medical staff had noted that Plaintiff was a "no-show" and that the correctional officer had never delivered Plaintiff to the health care unit. (Doc. 1, Ex. 4).  Plaintiff alleges that he explained to Wills that he was in "terrible pain" and that he had not been able to eat lunch or dinner in almost a week, because his permit for a medical "feed-in cell" had expired.  Plaintiff pleaded with Wills to allow him to speak with someone who could renew the permit.  When that failed, Plaintiff asked to speak with a Lieutenant.  Defendant Wills refused to let Plaintiff speak to anyone; instead, he told Plaintiff to "cuff-up" and he then ordered that Wills be taken to segregation. *Id*. at 7.  Wills issued Plaintiff a disciplinary ticket for "disobeying a direct command" and Plaintiff remained in segregation for nearly a week.  Nearly a week later, Plaintiff went before the Adjustment Committee, pled not guilty, and was released immediately. *Id*.  Plaintiff alleges that he suffered mental and emotional distress that exacerbated his physical injury as a result of this incident.

Nearly nine months later, Plaintiff's ankle still had not properly healed.  On May 20, 2013, Plaintiff fell again when his previously injured ankle gave out as he was attempting to stand. *Id*. at 9.  Plaintiff was not seen by medical staff until May 22, 2013, when he was assured that he would be called to see a doctor, but never was.  *Id*.  Just over a week later, on June 1, Plaintiff fell yet again when he slipped and was unable to bear weight on his right foot.  He re-injured his right ankle and injured his left ankle and left wrist.  Plaintiff contends that to this day, he is still unable to walk properly. *Id*.

The complaint recounts in great detail Plaintiff's numerous attempts to access proper medical treatment for his injured ankle and foot.  Plaintiff maintains that Drs. Shearing, Fuentes, and Shepherd "have intentionally refused to provide the necessary care and attention that [Plaintiff's] condition warrants." *Id*. at 11.  Plaintiff states that this is because of "Wexford's

cost-cutting practices and policies that permit their doctors to provide such an unreasonable low level of care . . . ."  *Id*.  Plaintiff further recounts his diligent attempts to access medical assistance through the inmate grievance process.  The exhibits document a series of grievances filed up the chain of command that were never addressed.

**Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* amended complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:     Defendant C/O John Doe was deliberately indifferent to Plaintiff's need for medical attention immediately following Plaintiff's initial fall.**

"The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir.2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).   Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. *Estelle*, 429 U.S. at 104. "Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez*, 577 F.3d at 828 (quoting *Estelle*, 429 U.S. at 103).

To plead an Eighth Amendment medical needs claim, a complaint must allege two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *See Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir.2006); *see also Roe v.*

*Elyea,* 631 F.3d 843, 857 (7th Cir.2011).   The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).   To establish that an official acted with deliberate indifference, a plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).   Specifically, officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'"  *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

After Plaintiff's first fall (on August 23, 2012), Plaintiff was in extreme pain and unable to move or communicate.  Plaintiff's cellmate informed Defendant John Doe that Plaintiff was in need of medical attention.  Defendant John Doe responded that he would get medical assistance, but he never did.  It was not until the assigned gallery officer returned over an hour later, and other inmates were yelling for help, that Plaintiff received medical attention.  These allegations are sufficient to state an Eighth Amendment medical needs claim against Defendant John Doe at this time.

**Count 2:      Defendant C/O Wills retaliated against Plaintiff for filing grievances when he interfered with Plaintiff's ability to access medical care and sent Plaintiff to disciplinary segregation.**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000).  To state a claim of retaliation "[a]ll that need be specified is the bare

minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Plaintiff asserts that C/O Wills retaliated against Plaintiff for filing grievances against prison staff members by preventing Plaintiff from getting the medical attention he needed. In addition, Plaintiff contends that C/O Wills issued Plaintiff a false disciplinary ticket and sent him to segregation when Plaintiff complained and asked to speak to a Lieutenant. Even if these allegations would not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right – in this case, Plaintiff's protected right under the First Amendment to express grievances about the conditions of his confinement – then they are actionable under § 1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline).

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleadings stage of this case. Thus, Plaintiff may proceed on his retaliation claim against Defendant Wills at this time.

**Count 3:      Defendants Shearing, Fuentes, Shepherd, and Wexford were deliberately indifferent to Plaintiff's need for medical care.**

As discussed above, to establish an Eighth Amendment medical needs claim, Plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs.  *See Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

Accepting Plaintiff's allegations as true, as the Court must at this stage, the Court finds that Plaintiff has pled facts demonstrating that his ongoing foot injury was an objectively serious medical condition and that Drs. Shearing, Fuentes, and Shepherd acted with deliberate indifference to Plaintiff's medical needs.  Plaintiff alleges that since his fall in August 2012, his foot has never properly healed.  Plaintiff was still experiencing pain in his foot months after the initial fall, and his ankle and foot remained so weak that Plaintiff suffered subsequent falls months later.  Plaintiff maintains that he repeatedly informed Defendants Shearing, Fuentes, and Shepherd that his foot was not healing properly and that he was in pain, yet he claims that they each individually failed to provide him with adequate medical care.  Plaintiff may proceed on his claim against these Defendants at this point.

As for Defendant Wexford, Plaintiff further asserts that Defendants Shearing, Fuentes, and Shepherd "refused to provide the necessary care and attention that his condition warrants" because of "Wexford's cost-cutting practices and policies." (Doc. 1, p. 11).  Plaintiff claims that Wexford's policies and practices caused Drs. Shearing, Fuentes, and Shepherd to provide less-than-adequate medical care.  Defendant Wexford is a corporation that employs the Defendant doctors and provides medical care at the prison on a contractual basis. If Plaintiff's allegation that Wexford's policies created conditions that infringed upon his constitutional rights proves to be true, Plaintiff may be able to establish deliberate indifference on the part of Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be

held liable for deliberate indifference only if it had a policy or practice that caused the violation).

Accordingly, the claim against Defendant Wexford Health Sources will not be dismissed at this

point in the litigation.

In addition to Plaintiff's claim for monetary damages, Plaintiff seeks injunctive relief.

Typically, in a claim for injunctive relief, the government official who is responsible for carrying

out the requested relief would be named as a defendant in his or her official capacity.  *See*

*Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).  In the context of prison litigation, the

official is usually the warden of the institution where the inmate is incarcerated.  Therefore, the

Court will direct the Clerk of Court to name as a Defendant, the **WARDEN OF MENARD**, in

her official capacity, for purposes of injunctive relief only.  *See* FED. R. CIV. P. 21; FED. R. CIV.

P. 17(d).[2]

In summary, Plaintiff may proceed  on his medical needs claims against Defendant John

Doe (Count 1), his retaliation claim against Defendant Wills (Count 2), and his medical needs

claim against Defendants Shearing, Fuentes, Shepherd, and Wexford (Count 3).  Plaintiff may

also proceed on his request for injunctive relief against the Warden of Menard, in her official

capacity only.

**<u>Pending Motion</u>**

Plaintiff's motion to appoint counsel (Doc. 3) is pending and shall be referred to United

States Magistrate Judge Frazier for further consideration.

---

[2]  Federal Rule of Civil Procedure 21 states in pertinent part:  "On motion or on its own, the court may at any time, on just terms, add or drop a party."  Rule 17(d) provides:  "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

**Disposition**

     **IT IS HEREBY ORDERED** that Plaintiff may proceed on his claim for damages against Defendant **JOHN DOE** on **COUNT 1**; Defendant **WILLS** on **COUNT 2**; and Defendants **SHEARING, FUENTES, SHEPHERD,** and **WEXFORD** on **COUNT 3.**

     The Clerk of Court is **DIRECTED** to add the **WARDEN OF MENARD**, in her official capacity, for purposes of injunctive relief only.

     The Clerk of Court shall prepare for Defendants **WILLS, SHEARING, FUENTES, SHEPHERD, WEXFORD,** and **WARDEN OF MENARD**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.  Plaintiff is further advised that service shall not be made on the John Doe Defendant until such time as Plaintiff has identified the John Doe Defendant by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address of this individual.

     With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address

shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 5).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 9, 2014**

<u>s/ J. Phil Gilbert</u><br>United States District Judge