IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANCISCO AKINS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>WEXFORD HEALTH )<br>SOURCES, INC., *et al.*, )<br>)<br>    Defendants. ) | Case No. 14-cv-00525-JPG-PMF |

## **MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 54) of Magistrate Judge Philip M. Frazier with regard to Defendants' Motions for Summary Judgment (Doc. 34, 41). Plaintiff filed a timely objection (Doc. 55) to the R & R.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As an objection has been filed, the Court will review those portions of the R & R *de novo*.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the

evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The R & R recommends that Defendants Dr. Fuentes, Robert Shearing, Dr. Shepard, and Wexford Health Sources, Inc.'s Motion (Doc. 41) for Summary Judgment be denied as the Magistrate Judge determined at a *Pavey* hearing that Plaintiff's testimony was credible with regard to his attempts to exhaust administrative remedies. As such, the Magistrate Judge determined that the Plaintiff's administrative remedies were unavailable with regard to these defendants. Neither party filed an objection to this portion of the R & R and as such, the court has reviewed it for clear error and finds that is not clearly erroneous.

With regard to Defendant C/O Wills' Motion for Summary Judgment, the R & R recommends that it be granted for plaintiff's failure to exhaust his administrative remedies with regard to Defendant Wills. Plaintiff filed an objection to this portion of the R & R stating that – although the incident occurred on December 7, 2012 – he was not aware of the basis for his grievance until he received his medical records on January 27, 2013. Therefore, Plaintiff claims his grievance of March 17th, 2013[1] was within the 60 days allowed by 20 Ill.Admin.Code § 504.810(a).

As stated in the R & R, "despite his justification for the delay, Akins was not precluded from filing separate grievance." Further, upon *de novo* review, Plaintiff's March 17, 2013 grievance makes no mention of Defendant Willis and only provides a general reference to the December 7, 2012 incident with regard to segregation. The March 17, 2013 grievance is sufficient with regard to Plaintiff's medical issues, but is insufficient with regard to his allegation against Defendant Willis.

---

[1] Plaintiff's objection states "March 17th, 2014, but he attached the grievance which is dated March 17th, 2013.

2

Based on the above, the Court hereby **ADOPTS** the Report and Recommendation in its entirety (Doc. 54). Defendant Officer Wills' Motion for Summary Judgment (Doc. 34) is **GRANTED** and Defendant Wills' is **DISMISSED** without prejudice. Defendants Dr. Fuentes, Robert Shearing, Dr. Shepard, and Wexford Health Sources, Inc.'s Motion (Doc. 41) for Summary Judgment is **DENIED**. Plaintiff's oral motion to dismiss Dr. Fuentes is **GRANTED** and Dr. Fuentes is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to enter judgment with regard to Defendants Willis and Fuentes accordingly at the conclusion of this matter.

**IT IS SO ORDERED.**

**DATED:** 11/24/2015            *s/J. Phil Gilbert*
                                 **J. PHIL GILBERT**
                                 **DISTRICT JUDGE**